# Hellings *against* Hamilton.

In a suit against one who passes the note of a broken bank fraudulently, or with a promise to take it back if found to be uncurrent, a demand on the maker need not be proved.

THIS suit was brought before a justice of the peace of *Bucks* county by John Hamilton and David Grier, copartners under the firm of Hamilton & Grier, against Jesse Hellings, and an appeal taken to the Common Pleas. It was an action of trespass on the case to recover the sum of $100, being the amount of a bank-note given by the defendant to the plaintiffs, which the plaintiffs alleged was of no value at the time it was paid, and also upon the express promise of the defendant that he would make it good if it was not good.

The plaintiffs proved by James R. M'Gregor that the note in question was for $100 on the City Trust and Banking Company of New York, dated 3d of February, and payable 3d of July 1840, and was passed by the defendant to Grier for a horse which he had bought of him about the 1st of March 1840. On some objection being made by Grier to the note, the defendant said if it was not good he would make it good. Afterwards Hamilton asked him to change the note, which he refused to do. Several witnesses stated that the defendant had offered them similar notes to the one in question.

On the part of the defendant, a witness stated that he was present at the time of the transaction, saw the note handed by Grier to M'Gregor, who handed it back. The defendant said to Grier, "If you don't like the money, I can't take the horse." Grier then put the money in his pocket, and the defendant took away the horse. Another witness stated that during a conversation about the trial between the county and Hellings, Grier, on being asked if it was good money the defendant had given him, said he believed it was, but the bank failed some time after. On being asked if he thought defendant knew the bank was about failing, he said he did not know; that it was a shame a suit was commenced against him, as he had agreed to take the money and let him have the horse.

The judge charged the jury as follows:

"Was this a genuine note? Was it current at the time? The rule is, that payment in current bank-notes discharges the debt, although in consequence of the previous failure of the bank, of which both parties were ignorant, the notes were of no value at

[Hellings v. Hamilton.]

the time of payment. The result of the rule is: Unless you are satisfied from the evidence that the defendant knew the note was worthless when he passed it, the plaintiff has no right to recover; or unless the evidence satisfies you that the defendant did undertake to make it good. If he did, was it returned in a reasonable time? It was offered to be returned before it was due. The defendant denies any knowledge of this note being depreciated, and any undertaking to make it good. If the defendant's evidence is believed, the plaintiffs have no right to complain; and unless the evidence satisfies you that the defendant knew it was valueless, or not knowing, undertook to make it good, the verdict should be for the defendant. The court has instructed the jury fully that unless they find that the defendant did undertake to take the money back and redeem it, or that he fraudulently passed it as good when he knew it to be bad, the plaintiffs cannot recover. If they do not believe M'Gregor, we do not see how there can be a recovery, unless the defendant fraudulently passed it, as we have before stated."

The defendant excepted to the charge, and requested the instruction of the court on points which the court answered as follows:

1. " That if the jury believe the defendant received the money in good faith, and paid to Grier in good faith, the plaintiff cannot recover, though the money was of no value and worthless at the time it was paid." The court have answered this substantially and affirmatively in the general charge.

2. " That the plaintiffs cannot recover in this suit because no demand has been proved to have been made on the drawer, and suit was brought before this note was due, even if the jury believe the defendant promised ' to make it good, if it was not good,' there being no liability on defendant until demand had been made on the drawer after maturity." Whether a demand was made on the bank after maturity, will depend on how the jury find the facts. If the jury find this note was passed as a bank-note, and to be redeemed by the defendant if it did not pass current, then no demand was necessary. If they find it was passed as a post-note, and the privilege was not to redeem until after maturity, then a demand was necessary, and the suit is prematurely brought, as the note is dated on the 3d February, and was not payable until the 3d July following, and this suit is brought in April.

3. " That unless the jury believe the testimony of M'Gregor, the plaintiff's case is without evidence to sustain it, and they cannot recover." The court have stated what the jury must find in their general charge to enable the plaintiff to recover.

Errors assigned:

1. The court erred in not answering the first point submitted by the defendant as fully as they should have done.

[Hellings v. Hamilton.]

2. In not answering the second proposition in the affirmative, and in submitting it to the jury to be governed by their finding of facts.

3. In their answer to the second point submitted by the defendant.

4. Under the evidence, the defendant was under no obligation " to make the note good," or take it back, " or redeem it," until a demand had been made on the drawer after maturity ; and in their answers to the second point there is error.

5. The court erred in sustaining the judgment of the justice, the suit being prematurely brought.

6. The positions taken by the court in their charge are not sustained by the evidence.

*Dickerson,* for plaintiff in error. The promise of the defendant to make the note good was conditional. A demand should have been made on the drawer after maturity. Even a knowledge of the drawer's insolvency does not excuse the necessity of demand or notice. 1 *Bayl. Rep.* 53. The plaintiffs had no right to hold the note 3 months and then ask payment. 6 *Barn. & Cres.* 373 ; 1 *Burr.* 452.

*Chapman, contra,* was stopped by the Court.

PER CURIAM.—The direction that the plaintiffs were entitled to recover if the defendant passed the note to them fraudulently, or with a promise to take it up if found to be uncurrent, was accurate in every respect. If there was fraud in the transaction, it gave rise to an instant cause of action; and if the note was uncurrent, it was no part of the contract that its worthlessness should be ascertained by a demand on the drawer. Nor was the judge bound to put the cause on the testimony of M'Gregor separately ; for a party has no right to have the evidence delivered to the jury in parcels, or to split up a single case into several. The resulting points of fact were precisely stated, and it was for the jury to determine them on all the evidence, without having it stripped of the corroboration which the parts of it might receive from each other.

Judgment affirmed.